Next case is Bonner v. DVA 053349. Mr. Cohen, when you are ready. Bonner v. DVA 053349. Mr. Cohen, when you are ready. Good morning. My name is Martin Cohen. I'm here for the appellate. There's a jurisdictional question here of some magnitude. There sure is. Right. I can't dodge it. 7121F is the key statutory language in Title V. Inter alia, as we say in the law. Okay, fine. So what's an applicable appellate procedure? Why aren't they the ones that are authorized by the relevant agency? Because what might look like an other personnel system, i.e., Title 38 personnel laws pertaining to medical professionals such as Mr. Bonner, is actually not an other personnel system. And that is the uphill battle that I face with you gentlemen this morning. But when Congress extensively and comprehensively revised the labor laws pertaining to Title 38 medical professionals in 1991, it very explicitly said that when adverse actions or determinations, serious personnel actions that did not involve professional competence or patient care are imposed on these kind of employees, they can be covered and are entitled to full rights like other Title V employees who they work side by side with in veterans facilities. So our argument is, by adopting that law and providing that broad scope bargaining for Title 38 people, which had never been done before, they in effect made Title 38 employees such as Mr. Bonner, for purposes of discipline related to other than professional competence or patient care, fully entitled to not only arbitration of his termination, but also judicial review of that arbitrator's award. Mr. Cohen? Yes. I find at least three provisions here that seem to indicate lack of jurisdiction. 4301, 2C, 2 defines an employee that does not include an employee of the Veterans Health Administration. I look at 7511, 10, this subchapter does not apply to an employee who holds a position within the Veterans Health Administration. And I think there's a third one, 7401, 7461, which commits appeals if the case involves a question of professional conduct or competence, which is not the case here. So that's why I think you've got a real appeal battle. Why don't any or all of these provisions apply? Well, the first you mentioned pertains to performance-based actions. This is not a performance-based action. The second is a major problem. There's no question about it. 7511, 8, 10, I believe. And I would say that our posture is, given what Congress did in 1991, that the covered-by language pertains to the nature of the personnel action, in this case a removal or discharge, as opposed to the employee having an actual right to go to the MSPB. I might mention, Your Honors, that the agency itself advised Mr. Bonner, when it gave him his decision to remove him, that he had a right to go to the MSPB. So there's some confusion in the air generally about this matter. But this isn't an MSPB appeal. This went to an arbitrator, right? And the question is appeal here. Well, that's correct. But even if the agency got it wrong, we're certainly not bound by the error of a bureaucrat, are we? Absolutely not. Okay. And it's not uncommon for agencies sometimes to say things they don't mean. At least we get a lot of cases that look that way. That happens. That's correct. Okay. So we can put that aside. Right. Although it happened several times here, as you might have seen in my brief, that in the 50B form, twice, they mentioned the legal authority for this action. They mentioned 5 U.S.C. 7512 or 5 U.S.C. 75. But, again, we can put that aside. Although that kind of gave me some sustenance to bring the matter to your attention. Because, frankly, I mean 7121 is a problem for us here. Yeah, I think it's a big problem for you. Because what you're trying to get us to do is find an explicit authority based on some sort of implicit inference that Congress was trying to do something that it didn't actually do. Do I have you wrong on that? You're close. I'd like to think that there is language in 7421 and 7422 particularly that makes it clear in congressional language that these employees no longer should be viewed as an other personnel system for purposes of this kind of discipline. Doesn't our New Dorp decision make it very clear that we're going to look at what the Veterans Department has set forth as applicable appellate procedures? They've given you the grievance, period. Isn't that kind of the end of this case? Or is there something I'm missing there? New Dorp is another major problem for us. However, remember the VA is an odd agency. You have clearly Title 5 people who have been working side by side for many years with Title 38 people. There's no dispute that up until 1991 we would not have been able to come here and say we think that there's review of an arbitratorial award of this kind of adverse action. Title 38 explicitly said in 7422 and again if you look at 7463 that these kind of personnel actions shall be treated just like Title 5 matters. It's even interesting to note in 7463 it says a federal employee faced with the kind of adverse action faced by Mr. Bonner has to choose one or the other and he cannot do both. He either can go grievance arbitration under a negotiated agreement, which he did here, or he can go 7463, which is the statutory procedure available to all VA people, Title 38 people on non-patient care professional confidence matters. I'm reading sub B of 7463 and you're quite right. It sets out an alternative as to where the employee goes and the employee either goes under the grievance procedures provided through regulations or through the grievance procedures determined through collective bargaining. That doesn't say anything about an appeal from that process. That's our problem, isn't it? I understand that, however... That's my problem. My problem is how do you... That's his problem. That's his problem. How do you jump from this is where you go to get an answer to and if you don't like the answer here's where else you go. It's the second part I can't find in the statutes. Well, I guess what I'm saying is that you can't send Mr. Bonner back to 7463 because the statute says you can't go both ways and he's gone under the negotiated agreement. Yes. That's number one. Number two... Doesn't 7422 send him to the District of Columbia Circuit? No, no. That provision 7422 pertaining to appeals to the D.C. Circuit only relates to decisions by the FLRA and as you read the statute you'll see that it really pertains to when there's a challenge to a decision by the Department of Veterans Affairs as to whether it's a matter of professional conduct or not. So that's really not applicable to this kind of matter. What about the con case? Doesn't that cause you real problems? Oh, there are other problems. We're just enumerating the problems. I've got a con and I've got two circuit courts that have said under 7463... You can't even get an APA action. Yes. Now, we don't necessarily agree with that and there are other circuits out there, but yes, that's a problem. Let me tell you something. Not off the record, but it's part of this case. I think the decision by the arbitrator in this case is horrendous. I can't make head or tail out of what he was trying to do, but can I reach it is the question. I understand. Thank you. So the real question here is I don't know how we can reach it. You've got more problems than we have solutions. Maybe to solve some of my problems, let me refer to congressional history or legislative history. Senator Cranston was one of the prime movers on this bill in the Senate, and he made an extensive presentation when it was finally adopted in the Senate. Among other things, he said, and this is a 137 congressional record, S4537, not mentioned in my brief, unfortunately. It says, speaking of these Title 38 employees, they would be afforded the right to be represented by an attorney or other representative to present their cases fully before persons trained in evaluating such cases and to obtain judicial review of a case in which a major adverse action has been imposed. And he was speaking of all types of major adverse actions. When a lawyer has to resort to legislative history to argue against a statute, he's in trouble. Why don't you get him to enact that paragraph into law? I'd like that idea, sir. It would make all of our jobs easier. Do you want to save your rebuttal time? Yes, I would. Thank you. Ms. Kirshner, maybe you can make something out of all these statutes. May it please the Court. The issue here of jurisdiction is controlled by statutory language in already issued decisions of this Court. First of all, it's clear under Schaeffer and Burke that the only basis for jurisdiction here in the Court is 5 U.S. Code 7921F. So then it becomes a question of whether this appeal is within that very precise statutory language. And the Court in those decisions pointed out that the Court's jurisdiction to review an arbitrator's award is much more limited than in the case of review of an MSPB decision. The Court has jurisdiction to review all final decisions of the MSPB, but not all final arbitrator's awards. They must come within this precise language of 7121F. Then we have the decision of this Court in the Kahn case, which is very, very clear, and says that for an employee such as this, under 5 U.S. Code 7511B10, there would not be any right to go to the MSPB, and therefore also the action could not go to this Court under 7121F. Now, there's no question that this employee fits within 38 U.S. Code 74011. He's the type of VA health professional that is not appointed by a competitive, through a competitive examination, and therefore he falls within 5 U.S. Code 7511B10. So then the question becomes, again, it's very clear that he doesn't fit within the first sentence of 7121F. That issue is decided by the Kahn case. And then as this Court has, I think, recognized, the Newdorf case addresses the second sentence of that provision. And what this Court pointed out in Newdorf is that the second sentence is not referring to the appeal procedures that would go to the MSPB. Rather, what you look to is the agency's own procedures that the agency has set up. And that brings us then back to the agency's own procedures, which are a matter of statute under 38 U.S. Code 7463. There's no argument that this matter brought by this employee falls within 38 U.S. Code 7463. Petitioner's counsel pointed out that there is a choice there, and it's true there is a choice. You can go under the agency's procedures, or you can go under the agreement's procedure under the collective bargaining agreement. But in either event, there is still no right of judicial review provided in the statute. And here I think we have a situation, it's really a Fausto-type situation, as was recognized by the First Circuit and the Ninth Circuit. They had recognized that in the 1991 amendments, Congress set forth a comprehensive scheme. You have 38 U.S. Code 7462, which would allow you to take certain types of issues to a disciplinary appeal board. And from that, you have a specific right of judicial review in the district court. Alternatively, if the matter doesn't fall within the disciplinary appeal board group, then you go under 7463, as was the case here. And there is no provision for judicial review. And as was pointed out by the Supreme Court in Fausto, a government employee doesn't have any inherent right to judicial review. A government employee only has whatever rights Congress gives him. And here, Congress has not given any right of judicial review. We were wrong in Kahn then, were we? No. At the end of Kahn, where we said there's an APA review. Oh, that portion, yes. That portion, which is dicta. Yeah, clearly it was. It was, hey, why don't you try this instead? But trying that instead isn't a good idea. Is that what you're telling us? That dicta in Kahn is incorrect. You probably mean dictum. Dictum, excuse me. And we think that the correct view is that taken by the First Circuit and the Ninth Circuit. What do we do when we have an arbitrator's decision, such as we have in this case, which, in my view, borders on the incomprehensible? I mean, I can't even figure out what facts he found, much less anything else. There's no corrective for that. Is that right? We all just sort of grit our teeth and live with it? That's the way it's set up? Well, the first question for the court is whether the court has jurisdiction. In this particular scheme, for these types of employees, there is no jurisdiction. Now, you could have another employee out there in some other agency with an atrocious arbitrator's decision. Is there any basis in law for suspending someone for 30 days for not knowing how to fill out a trip ticket? Can you give us any legal basis for that? No. I can't either. Is there a constitutional claim that these people might have for denial of due process? Well, no. I don't believe that they would have such a constitutional claim. And if they wanted to pursue it, they'd have to go to the district court to try to bring such an action. But here, Congress had provided for some procedures. And those procedures were used for this employee. The court has just faced with a decision which, if it looked at the merits, may or may not conclude as an error. I should think the government would be equally outraged over the fact that it's not entirely clear from the record, but it would appear that there was a misuse of a government vehicle by somebody. And yet the government, everybody seems to just walk away with what a slap on the wrist is another way of looking at it. I mean, either Bonner is mistreated or the government is mistreated, but neither of you has any way to correct it. That's what you're telling us, because that's what the system is. Yes, that's correct. That's correct. And we should just be quiet and go away. This court has not been provided with any jurisdiction to review this decision. So that is, according to Congress, the end of the matter here. You're saying we can't solve all problems. That's correct. And neither could the agency in this case, because the statutory scheme provided that this was the end of the road. And so the agency, therefore, went forward and paid the back pay, reinstated the employee. And that was the end of the matter from the agency's point of view. That is the scheme that Congress has created. Thank you, Ms. Krushen. Cohen has a few minutes left. Try to scale the mountain again. Right, right. Well, I really appreciate the fact that I think you've understood exactly what I'm trying to deal with here, which is a problem. It's called Congress. Yeah, I guess so. Again, just we'll direct you to the language of 7422 and 7463, which form really the basis of our argument that Congress intended by its choice of language to provide this group of employees, such as Mr. Bonner, with the kind of judicial review of an arbitrator's decision of his adverse action that has been made available since 1978 to other federal employees. I might point out one other matter that is in some way related to this. At 7421E2, the statute reads that in these types of cases, that the arbitrator is governed by 7701C1, which is where they state the preponderance of the evidence test for this kind of case. Now, if you were to rule, your ruling here could in effect lead to a situation where an arbitrator is told, facing a case like Mr. Bonner, that he's not bound. Because it's not technically a 7512 matter or 4303 matter, he's not bound by those rules of evidentiary burden, which I think does represent another problem and also in a reverse way argues in favor of finding jurisdiction. With that being said, I thank you very much for your attention. Thank you, Mr. Collins. This case will be taken under advisement.